No. 22,966.

H. H. KIRCHNER, *Appellant,* v. J. T. HELM, *Appellee.*

SYLLABUS BY THE COURT.

SALE OF HARVESTING MACHINE—*Delay in Delivery—Wheat Damaged by Grasshoppers—Damages too Remote.* In an action to recover damages for the breach of a contract to deliver a harvesting machine, *held,* that evidence was properly excluded which tended to show damages caused by a raid of grasshoppers because such damages were remote and not within the reasonable contemplation of the parties at the time the contract was made.

Appeal from Meade district court; LITTLETON M. DAY, judge. Opinion filed February 12, 1921. Affirmed.

*Frank L. Martin, Walter F. Jones, John M. Martin,* all of Hutchinson, and *C. C. Wilson,* of Meade, for the appellant.

*Frank S. Sullivan,* of Meade, and *John W. Davis,* of Greensburg, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was to recover damages for the breach of a contract to deliver a harvesting machine. In the early spring of 1919 the plaintiff, a farmer in Meade county,

had a growing crop of 400 acres of wheat. He purchased from the defendant, an implement dealer in the town of Meade, a harvesting machine which the defendant agreed to deliver on June 24. Delivery was not made until July 3. The petition alleged that between the 29th of June and the 3d of July, plaintiff's wheat was raided by grasshoppers and 75 per cent of his crop destroyed before he could succeed in getting it harvested. The only question for determination is whether it was error to exclude evidence of damages caused by the grasshoppers. On the hearing of the motion for a new trial plaintiff presented his testimony showing that he discovered grasshoppers working on his wheat about noon of the 29th of June and that by the 4th of July, the crop was practically destroyed. He estimated that his crop would have been fifteen bushels to the acre and that the grasshoppers cut off and destroyed at least ten bushels per acre. The court refused to grant a new trial and the appeal is from that order.

The trial court held that damages to the wheat by reason of the raid of grasshoppers were remote and not within the reasonable contemplation of the parties at the time the contract was made. The plaintiff's contention is that the particular manner in which the damage to a crop in such case occurs is not material; that a wheat crop may be damaged in a multitude of ways, and what element of nature entered into the particular case does not matter. Of course, it is true that the defendant as a dealer in farm implements was bound to know the seasons and the time for harvesting, and it seems to be conceded that he knew the plaintiff had 400 acres of wheat that had to be harvested, and of course he knew the purpose of the plaintiff in purchasing the machine was to harvest and save the crop.

In plaintiff's brief it is said:

"As we understand the law wherever a loss is occasioned as the direct result of a breach of contract, the loss will be said to have been within the contemplation of the parties at the time they made the contract."

But the question always is, whether it can be said that the loss was occasioned as the direct result of the breach; of course, if it was then it can be said that it was within the contemplation of the parties at the time they made the contract. The rule is well stated by Mr. Sutherland, as follows:

"Where two parties have made a contract which one of them has broken, the damages which the other ought to receive in respect to such breach of contract should be such as may fairly and reasonably be considered either as arising naturally—that is, according to the usual course of things—from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of a breach of it." (1 Sutherland on Damages, 4th ed., § 50, p. 186.)

We think the rule stated in Corpus Juris applied to the present case. It is there said:

"There can be no recovery from the consequences of the action of natural forces in connection with a breach of contract unless such consequences can fairly be presumed to have been contemplated by the parties at the time of making the contract as a probable result of the breach. This is particularly true when the natural forces are of an extraordinary character." (17 C. J. 749.)

In this case it cannot be said that the parties to the contract contemplated that grasshoppers would come at a certain time in the year or that the crop must be harvested before a certain day in order to prevent its loss.

In the case of *Silo Co. v. Carter,* 98 Kan. 279, 158 Pac. 71, cited by the plaintiff, there was a breach of a contract for the sale and delivery of a silo. It was well known by appellant that the appellee had planted a crop especially for ensilage and that it would mature in August. The silo was to have been delivered on August 1, but was not delivered until September 20. As a result of the delay in delivering the silo, the crop ripened and was spoiled before it could be placed in the silo and it was held that damages might be recovered for such deterioration because that might reasonably be supposed to have been in the contemplation of the parties when the contract was made. The deterioration was the result of natural causes inevitable in the regular course of the seasons and something which could readily have been foreseen. In the present case there would have been no damage except for the unexpected raid of grasshoppers.

The plaintiff argues that because the Kansas agricultural college and the department of agriculture at Washington send out regular bulletins relating to the pest of grasshoppers and suggesting means for its destruction, the defendant must be held to have known that this particular crop was likely to be

destroyed by such insect pests. On the other hand, the defendant insists that there has not been a general grasshopper raid in Kansas since 1874; that the one which occasioned the loss to the plaintiff's wheat was of limited extent, confined to a section of the state which had been extremely dry for several years in succession. In this connection, it is worthy of note that chapters 119 and 120 of the Laws of 1877, providing for the destruction of grasshoppers and for concerted action by senatorial districts to accomplish that purpose, and with the rather remarkable provision that before the grasshoppers shall be destroyed by burning or otherwise ten days' notice shall be given by publication in the newspapers of the district, although still in force, are no longer thought of sufficient importance to be included in the compilation of the statutes. (See Gen. Stat. 1915, § 5040.)

In our opinion, the damages sought to be recovered are the consequences of the action of natural forces of an extraordinary character, and we do not believe that the destruction of this wheat by a raid of grasshoppers can fairly be presumed to have been contemplated by the parties when the contract was made.

The judgment is affirmed.